516 So.2d 3 (1987)
U.S. HOME CORPORATION, RUTENBERG HOMES DIVISION, a Florida Corporation, Appellant,
v.
METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, and Sheldon and Karen Danto, Appellees.
No. 86-2329.
District Court of Appeal of Florida, Second District.
October 2, 1987.
Rehearing Denied December 1, 1987.
Joel R. Tew and Fredric S. Zinober of Tew & Newson, Clearwater, for appellant.
F. Robert Santos of Butler & Burnette, Tampa, for appellee Metropolitan Property and Liability Ins. Co.
Maxwell G. Battle, Jr., of Battle & Tsourakis, Tampa, for appellees Sheldon and Karen Danto.
PATTERSON, DAVID F., Associate Judge.
This appeal results from a judgment for money damages rendered against U.S. Home Corporation. We affirm in part and reverse in part.
In 1980 Sheldon and Karen Danto contracted with U.S. Home Corporation for the construction of a single family residence in the Carrollwood area of Tampa. During construction, discussions were held between the Dantos and U.S. Home's project manager, Cummings, pertaining to a type of airconditioning system which required the installation of a well. On Cummings' suggestion the Dantos contracted with Western Drilling, a well digger, to install the well. Upon completion of construction and prior to closing, certain cracks developed in the structure of the home and were repaired by U.S. Home without notice to the Dantos. The day prior to closing U.S. Home's superintendent, Oertner, and Sheldon Danto observed depressions forming in the yard. Oertner told Danto "it's just a little washing away."
The Dantos proceeded to closing, at which time they received a warranty from U.S. Home which contained the disclaimer: "warranty does not cover damage due to subsoil conditions." Within two days following the closing, a substantial crack occurred in the rear of the residence and the pool shattered with numerous cracks. (First incident.) U.S. Home provided an engineer, Orofino, who determined the damage was caused by sinkhole development. *4 Orofino instructed the Dantos to cease using the well. The Dantos made a claim to Metropolitan under a provision of sinkhole coverage. That company paid $27,406.30 for replacement of the pool and shoring of the footer of the home. During the repair process a layer of debris was found four inches beneath the footer. The Dantos resumed use of the well, and in June 1981 the well began pumping dirty, sandy water. The Dantos contacted Western Drilling who ran the well at high speed until the Dantos requested they discontinue. Within twenty-four hours the second pool cracked. (Second incident.)
In April 1984 the Dantos, joined by Metropolitan, brought suit against U.S. Home and Western Drilling seeking damages on theories of breach of warranty, negligence and fraud. At trial the trial judge excluded evidence relating to subsoil conditions as to all counts except the fraud count. A jury returned a verdict assessing damages in the amount of $104,006.30 against U.S. Home and exonerating Western Drilling. The issues presented in this appeal are whether there is substantial and competent evidence upon which a verdict in any amount could be rendered against U.S. Home and, if so, the correctness of the class and the amount of damages awarded.
Each party presented expert testimony at trial. Although the experts disagreed as to the precise cause of damage, each attributed the incidents to some form of subsoil condition.
It is now settled in Florida that where the seller of a home knows of facts which materially affect the value of the property the seller is under a duty to disclose them to the buyer. Johnson v. David, 480 So.2d 625 (Fla. 1985). U.S. Home asserts that it did not develop the lot and had no knowledge as to the condition of the subsoil. However, what may be a latent defect to the average person may become a patent defect in the eyes of a person possessing superior knowledge. The record of this case reflects facts and circumstances from which the trier of fact could conclude that a developer possessing the knowledge and experience of U.S. Home knew that one or more material defects existed in this home prior to closing and that such defects were concealed from the buyer by nondisclosure. We, therefore, affirm the finding of liability of U.S. Home in regard to the first incident.
U.S. Home did not construct the second pool and, in fact, advised the Dantos to discontinue use of the well. To impose liability upon U.S. Home for the second incident would require a finding that that incident resulted from the same facts and circumstances which caused the first. The record clearly does not support such a conclusion, and we reverse the award against U.S. Home for the second incident.
In regard to the issue of damages for the first incident, the jury award followed the trial judge's instruction on the law which, in material portion, was that requested by both the Dantos and U.S. Home. We, therefore, affirm such award.
CAMPBELL, A.C.J., and THREADGILL, J., concur.